ECM, INC., Plaintiff–Appellant,

v.

PLACER DOME U.S., INC., Cortez Gold Mines Defendant–Appellees.

No. 00–16540.

D.C. No. CV–92–00499–ECR (PHA).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Dec. 26, 2001.

Before SNEED, WARDLAW, and BERZON, Circuit Judges.

ORDER

Appellant's Petition for Rehearing is GRANTED and the memorandum disposition, filed September 13, 2001, is WITHDRAWN. The Clerk of the Court is directed to file the attached memorandum disposition.

MEMORANDUM*

ECM, Inc. ("ECM") appeals the district court's grant of Placer Dome U.S.'s ("Placer Dome") second motion for summary judgment. ECM argues that Placer Dome, by way of Placer Dome's agreement with Royal Gold, Inc. ("Royal"), became either a tenant in common or an equitable owner of ECM's lease with Royal. ECM further contends that as a tenant in common or equitable owner of the ECM/Royal

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

lease, Placer Dome was subject to and breached covenants of that lease including the Area of Interest ("AOI") provision, the covenant of good faith and fair dealing, and a disclosure obligation. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We, like the district court, assume for the purpose of this analysis that Placer Dome became either a tenant in common or an equitable owner in the ECM/Royal lease and as such is potentially subject to the covenants of that lease.

ECM argues that Placer Dome's conduct breached the ECM/Royal lease's AOI provision. We agree with the well-stated reasoning of the district court that Placer Dome could not have breached the AOI provision because it did not acquire an interest in the Gold Field lands until August 13, 1991, which was at least five days after ECM, Royal, and Placer Dome agreed to terminate both the ECM/Royal Lease and the Placer Dome/Royal Agreement. The letter agreement signed by Placer Dome and Gold Fields on July 8, 1991 did not convey any interest to Placer Dome because that agreement specifically provided, "This letter confirms the general understanding reached between [Placer Dome] and [Gold Fields] ... The understanding set forth in this letter is expressly conditioned upon the parties' ability to negotiate a mutually acceptable agreement."

ECM also argues that even if Placer Dome did not breach the express provisions of the AOI clause, it did breach the covenant of good faith and fair dealing. Nevada law does recognize the covenant of good faith and fair dealing. See e.g., Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 107 Nev. 226, 808 P.2d 919, 923 (1991). As both parties acknowledge, however, even if Placer Dome obtained a tenancy in common interest in the ECM/Royal Agreement, Placer Dome would not be subject to the covenant of good faith and

fair dealing unless that covenant touches and concerns the land. See generally Reno v. Matley, 79 Nev. 49, 378 P.2d 256 (1963) (discussing the touch and concern doctrine). The district court correctly found that the covenant of good faith and fair dealing does not "touch and concern the land" because the benefits and burdens created by the covenant of good faith and fair dealing stand independent of the party's ownership interest in the land, and therefore Placer Dome was not subject to this covenant and could not have breached it.

ECM's argument on appeal that the district court should not have severed the covenant of good faith and fair dealing from the AOI provision for purposes of the touch and concern analysis is unavailing, because the AOI provision, even taken alone, does not run with the land. It did not affect ECM's legal relationship with its land, and was appropriately the subject of a contract even though it did not involve land owned by either party.

ECM also contends that the district court erred, on remand from our prior decision, in not considering Placer Dome's alleged breach of the disclosure obligation contained within the ECM/Royal agreement.